Dunkin, Ch.
delivered the opinion of the Court.
The grounds of appeal are founded on a misapprehension decree of June, 1846. The exceptions of the executors were overruled and the report of the Master was confirmed, but no order was made in relation to the costs.
In Muse v.Peay, the Court say, “the Act of Assembly, providing that when no direction is given with respect to costs, they shall follow the event of the suit, can only be held to apply when the decree is wholly in favor of one or the other party; when, on one side, all the relief is given which is claimed, or on the other, the bill is dismissed.” The Court then show that when various claims are made, some of which are allowed, and some rejected, the rule is inapplicable. The Act cannot be supposed to have intended that the party should pay the expence of litigating claims which he has successfully resisted. In such case neither party is entitled to costs as of course, or under the provisions of the Act. They can only be obtained by either party from the other under a special'order of the Court on a rule taken for that purpose. This was the course adopted in Muse v. Peay, is in accordance with the practice, and should have been pursued in this case. The bill of costs amounted to three hundred and seventy-nine dollars, of which eighty-one dollars were due to the register alone. It appears from the special report of the Master, made under the order of Chancellor Caldwell, that the litigation was for the adjustment of the relative rights of the two brothers, Thomas B. Chaplin and Saxby Chaplin, in the estates of their lather Saxby Chaplin and of Mrs. Jenkins ; that, in the language of the report, “ the executors were always ready and willing to account, and nothing like default eould be attributed to them.” Under these circumstances the Chancellor ordered that the costs should be paid by Thomas B. Chaplin and Saxby Chaplin, and that the execution against the executors of Mrs. Jenkins should be stayed or set aside. All the grounds of appeal proceed, not on the allegation that the judgment of the Court was erroneous in relation to the costs, but that the decree of June, 1846, was final and conclusive in fixing the executors of Jenkins with the payment of the costs of the proceedings, and could , only be opened by petition for re-hearing, or by bill of review.
For the reasons stated, this Court is of opinion that such is not the effect of the decree of June, 1846, and that this appeal must be dismissed, and it is so ordered.
Caldwell, Ch. and Dargan, Ch. concurred.

Appeal dismissed.